This is a workmen's compensation case.
The employer through able counsel appeals from the circuit court's order directing that attorney fees be paid and deducted from the compensation award.
The pertinent facts are as follows:
The trial court found that the employee was permanently totally disabled and awarded permanent and total disability benefits in the amount of $136 per week. The employee's attorney was awarded a fee of 15% of the estimated compensation benefits, to wit, $6,152.82. The trial court ordered the attorney's fees paid in a lump sum to be deducted by the employer from the back end of the compensation benefits. In other words, the employer can stop making payments when the remaining balance equals $6,152.82.
On appeal the employer contends that the trial court erred in ordering the employer to pay the fee.
In regard to the employer paying the attorney's fee, it is clear from the trial court's judgment that payment of the attorney's fee is to be deducted from the compensation benefits awarded the employee, as indicated above. That part of the order reads as follows: "An attorney's fee . . . is hereby awarded . . . to be paid in full and in lump sum by the Defendant from the compensation award. . . ."
The remaining question is whether the trial court can order attorney's fees paid in the manner described. This court finds the trial court's action to be permissible.
The statute controlling the awarding of attorney's fees in workmen's compensation cases is § 25-5-90, Ala. Code (1975). It provides that the trial judge "shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed 15 percent of the compensation awarded or paid."
The most clear and reasonable construction of the statute suggests that it is left to the sound discretion of the trial judge to direct the "manner" of payment of attorney's fees. The law requires that statutes be given reasonable and practical construction to prevent inconvenient or absurd consequences.Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757
(1960); Alabama Surface Mining Reclamation Comm'n v. Jolly,373 So.2d 855 (Ala.Civ.App. 1979).
The employee relies on § 25-5-83 to support his position. That statute allows a lump sum payment of compensation benefits only by agreement of the concerned parties. There is nothing to indicate to this court that § 25-5-83 should be read in connection with the awarding of attorney's fees or that that statute is applicable to the present situation.
Operating under the "any evidence" presumption, TidwellIndustries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App. 1982), that requires this court to uphold the trial court's actions where supported by any evidence, we find the trial court acted within its discretion in awarding attorney's fees in the manner that it did.
The employee was awarded $136 per week for total permanent disability. This award is subject to the rights of the employer to have the award altered in accordance with § 25-5-57
(a)(4)(b), Ala. Code (1975). The evidence indicates, that while the employee is taking steps to rehabilitate himself pursuant to § 25-5-57, the period of disability will more than likely run at least 200 weeks. There is also evidence, *Page 1303 
however, that the employee may not ever be rehabilitated.
In any event, as indicated, there is evidence which would support the award of $6,152.82 as attorney's fees equaling 15% of the compensation benefits. The fact that there is a possibility of a later change in the compensation award has no effect on the award of attorney's fees. The attorney has earned the fee regardless of subsequent changes. The computation of attorney's fees is based on the facts as to the attorney's services as of the time the services are rendered. See 3Larson's Workmen's Compensation Laws § 83:13 (1982).
In view of the plain language of the statute involved and the evidence, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.