This is a workmen's compensation case.
Plaintiff below, Justin M. Mitchell, filed a complaint for workmen's compensation benefits against his employer, Goodyear Tire Rubber Company. The complaint alleged that Mitchell was injured on July 27, 1981, in an on-the-job accident which caused permanent partial impairment to his lower back. In its answer, Goodyear admitted the substance of the complaint, leaving as the sole factual issue the extent of Mitchell's permanent partial disability.
After a hearing the trial court entered a final order holding (1) that Mitchell had sustained a thirty-three percent permanent partial disability or loss of ability to earn as a result of an on-the-job accident, for which he was entitled to compensation under the Workmen's Compensation Act and (2) that Mitchell was entitled to attorney fees in the amount of $3,687.30, this sum immediately payable in full, with Goodyear entitled to a dollar-for-dollar credit for this sum against the last of its future compensation payments. See Ashland ChemicalCo. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983).
Goodyear through able counsel appeals, raising two grounds for reversal: (1) that the evidence does not support the award of a thirty-three percent permanent partial disability rating in the face of the fact that Mitchell had returned to work and was earning more than he did at the time of the accident, and (2) that this court erred in Ashland Chemical Co. v. Watkins,435 So.2d 1301 (Ala.Civ.App. 1983), when it held that the trial court's discretion under section 25-5-90, Ala. Code (1975), to fix the manner of attorney fee payments extended to requiring a lump-sum attorney's fee payment by the employer.
Taking up the matter of Mitchell's post-accident earnings first, the evidence, which is not in dispute, does support a finding of a thirty-three percent permanent partial disability despite the fact that Mitchell's post-injury earnings exceed his pre-accident wages.
Section 25-5-57 (a)(3)g articulates the procedure for calculating awards for nonscheduled permanent partial injuries such as Mitchell's. That section provides an award of two-thirds of the difference between the average weekly earnings of the employee at the time of his injury and the average weekly earnings the employee is able to earn in his partially disabled condition.
While it is true that an injured worker's post-injury earnings are a factor for the trial court to consider in assessing the degree of disability, Alabama courts have consistently rejected the notion that these earnings are the
determinative factor as to loss of ability to earn. SeeGoodyear Tire Rubber Co. v. Corfman, 424 So.2d 1326
(Ala.Civ.App. 1982) (and cases cited therein). Where actual post-injury earnings equal or exceed the pre-injury earnings, a presumption arises that the claimant has suffered no reduction in earning ability. Florence Enameling Co. v. Jones,361 So.2d 564 (Ala.Civ.App.), cert. denied, *Page 903 361 So.2d 567 (Ala. 1978). This presumption can, however, be overcome by showing either independent evidence of incapacity or evidence tending to indicate the unreliability of the post-injury earnings as an estimate of earning capacity. Id.
In the instant case, Dr. William A. Crunk, a vocational expert, testified that Mitchell had lost the ability to perform heavy work as a result of his back injury. Dr. Crunk testified that this injury would reduce the number of jobs available to Mitchell by thirty-three percent. Crunk further testified that there exists a hiring bias against persons who have sustained back injuries requiring surgery and that this should further reduce Mitchell's ability to obtain work by seventeen percent, for a total of fifty percent disability.
Additionally, Mitchell himself testified that he is more careful now about lifting and that he cannot handle the same sort of weight that he could lift before. Mitchell estimated that he could only handle about sixty percent of the weight he used to handle. He also said he now tires more easily, that he suffers lower back pains, and that he has passed up Sunday and overtime work to protect his back.
In light of this and other evidence, we can find no error in the trial court's decision to set the degree of disability at thirty-three percent.
We must likewise reject Goodyear's argument that the Workmen's Compensation Act does not allow for a lump-sum payment of attorney fees. As Goodyear concedes, this issue was decided adversely to it in Ashland Chemical Co. v. Watkins,435 So.2d 1301 (Ala.Civ.App. 1983). Goodyear has failed to argue any compelling reason why our Ashland analysis should be overturned. Accordingly, the trial court's action, as it was soundly based upon Ashland, should be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.