This is a workmen's compensation case.
The employee sought workmen's compensation benefits from her employer. The trial court found the employee to be "totally and permanently disabled" and awarded her benefits. In addition, the trial court awarded lump sum attorney fees and allowed the employer a credit for earlier sums recovered by the employee in a prior tort action.
The employer through able counsel, who has favored this court with an excellent brief, appeals and we affirm.
The employer raises two issues. The employer first contends that the trial court erred in awarding lump sum attorney fees; second, the credit allowed employer from the prior tort action is not supported by the evidence.
It is neither necessary nor prudent to set out in detail the facts. The pertinent facts as they relate to the first issue are as follows:
The employee's total and permanent disability award was $113.33 per week per Ala. Code § 25-5-57 (a)(4) (1975).
The attorney fees for employee's attorney were set by the trial court pursuant to Ala. Code § 25-5-90 (1975). This statute provides in pertinent part: "[T]he judge, upon the hearing of the complaint for compensation, shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed 15 percent of the compensation awarded or paid."
The amount of attorney fees was set at fifteen percent of the compensation award, and the trial court granted employee's motion to award attorney fees in a lump sum. Consequently, the lump sum of $28,560.08 was awarded representing fifteen percent *Page 905 
of the compensation benefits. The record provides that the compensation benefits were arrived at without complaint from either party by use of certain mortality tables.
Furthermore, the trial court determined that pursuant toAshland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983), "the employer defendant shall be entitled to terminate the payments when the remaining balance equals the above sum" of $28,560.08. Pursuant to Ala. Code § 25-5-57 (a)(4)(b), (i), (j) (1975), the trial court also provided that employee is to notify employer "if and when she obtains gainful employment in accordance with these provisions and upon that occurrence the benefits shall terminate."
The pertinent facts relating to the second issue are as follows:
The employee as a result of the same occurrence giving rise to this workmen's compensation case sued a third party tortfeasor. She obtained a judgment. As a result of the judgment, $15,000 was paid into court in favor of employee. One-third of this amount apparently constituted attorney fees.
The trial court in the present case determined that employer was due a credit of $12,100 as a result of employee's recovery in the prior tort action.
The employer, as indicated, first contends that the trial court erred in awarding lump sum attorney fees. The employer cites Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803
(1921), as controlling precedent.
The Alabama Supreme Court in Woodward determined that under Alabama Compensation Act, 1919 Ala. Acts 206, No. 245, § 23 (August 23, 1919), a lump sum award for permanent disability "could not be commuted, in whole or in part, by the trial court without the consent of the parties. . . ." Woodward,206 Ala. at 451, 90 So. at 806.
Henceforth, employer relying upon Woodward asks this court to overrule its decision in Ashland Chemical Co. v. Watkins,435 So.2d 1301 (Ala.Civ.App. 1983). This court held in Ashland that a trial judge's determination of the manner of payment of attorney fees in workmen's compensation cases is discretionary by statute.
This court in Ashland construed the meaning of Ala. Code §25-5-90 (1975). We stated in Ashland that "[t]he most clear and reasonable construction of the statute suggests that it is left to the sound discretion of the trial judge to direct the `manner' of payment of attorney's fees." Ashland, 435 So.2d at 1302.
This statute permitting lump sum attorney fees within the discretion of the trial judge applies to all workmen's compensation cases. The 1919 Ala. Acts 206, No. 245, § 23 (August 23, 1919) referred to in Woodward Iron Co. v. Bradford,206 Ala. at 451, 90 So. at 806, required an agreement of the parties with consent of the court for lump sum attorney fees for an "excepted class" of claims. One claim in that "excepted class" is a claim for permanent disability. We must, however, enforce Ala. Code § 25-5-90 (1975) as the current law on awarding attorney fees in lump sum in a workmen's compensation case.
The employer argues in brief that the lump sum award of attorney fees could exceed the fifteen percent statutory mandate because of contingencies such as death or rehabilitation of employee. We stated in Ashland Chemical Co.v. Watkins, 435 So.2d 1301, 1303 (Ala.Civ.App. 1983), the following:
 "The fact that there is a possibility of a later change in the compensation award has no effect on the award of attorney's fees. The attorney has earned the fee regardless of subsequent changes. The computation of attorney's fees is based on the facts as to the attorney's services as of the time the services are rendered."
This court is not inclined to overrule its decision inAshland. We reaffirm.
As to the employer's second contention that the evidence does not support the *Page 906 
credit allowed employer from the earlier sums recovered by the employee in the prior tort action, we note that the employer in brief appears to concede that there is evidence to support a credit of $13,000. Therefore, employer cannot successfully complain about a $12,100 credit. Consequently, we affirm the trial court order of a $12,100 credit to the employer under Alabama Rules of Appellate Procedure 45, which provides in pertinent part:
 "No judgment may be reversed or set aside . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously
affected substantial rights of the parties." (emphasis added).
Furthermore, we note the standard of review in any workmen's compensation case. "[I]n workmen's compensation cases the trial court's finding is conclusive if there is any evidence in the record that will support it." Tidwell Industries, Inc. v.Kennedy, 410 So.2d 109, 110 (Ala.Civ.App. 1982) (emphasis added). There appears to be some evidence to support a $12,100 credit because of the $10,000 received by employee from a third party tortfeasor taking into account attorney fees of $5,000 in that action plus $2,100 paid into court in favor of employee's apparent insurer, Alabama Farm Bureau Mutual Casualty Company.
In any event, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.