This is a workmen's compensation case.
The trial court found Joseph J. Keenum to be permanently and totally disabled by definition under § 25-5-57 (a)(4), Code of Alabama 1975. He was awarded sixty-six and two-thirds percent (66 2/3%) of his average weekly salary to be paid weekly during the period of disability. Keenum's attorney was awarded a fee equal to fifteen (15) percent of the payable compensation reduced to its present value and payable in a lump sum. Based upon the present age and life expectancy of the plaintiff, the fee was determined to be $14,535.24. The fee was ordered to be paid in a lump sum and "deducted by the employer from the back end of the compensation benefits, reduced to its present value." Such an award has been held to mean that the employer may stop making payments to plaintiff when the remaining balance based on life expectancy equals the attorney's fees awarded. Ashland Chemical Co. v. Watkins, 435 So.2d 1301
(Ala.Civ.App. 1983).
Fruehauf Corporation appeals, claiming the trial court erred in awarding attorney's fees to be paid in this manner. Fruehauf argues that the case of Woodward Iron Co. v. Bradford, 206 Ala. 447,90 So. 803 (1921), controls.
We find a case on point with our facts in the recent decision, Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903
(Ala.Civ.App. 1984). In Lawler an identical award was challenged on the authority of Woodward. Responding to that argument, this court relied on our decision in Ashland ChemicalCo. v. Watkins, supra. We distinguished Lawler from Woodward on its facts and the difference in the provisions of the applicable statute. § 25-5-90, Code 1975.
We hold in accordance with Lawler that the determination of the manner of payment of attorney's fees in workmen's compensation cases under § 25-5-90, Code 1975, is within the discretion of the trial court. We find no abuse of that discretion in this case.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 138