This is a workmen's compensation case.
The employee sustained an injury to his lower back during the course of his employment. The trial court found that the employee was entitled to workmen's compensation benefits for twelve weeks of temporary total disability. Additionally, the trial court determined the employee suffered a ten percent permanent partial disability.
The employee appeals both of these determinations, and we affirm.
At the outset we note that workmen's compensation cases are before this court by writ of certiorari. Ala. Code (1975), §25-5-81 (d). On certiorari our review "is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court." Armstrong v. Lewis Associates Construction Co.,451 So.2d 332, 334 (Ala.Civ.App. 1984). Under this narrow standard of review, if there is any legal evidence that supports the findings of the trial court, this court will affirm those findings. Benefield v. Goodwill Industries ofMobile, [Ms. February 27, 1985] (Ala.Civ.App. 1985); Wilson v.Berry Industries Company, 451 So.2d 339 (Ala.Civ.App. 1984);Alatex, Inc. v. Couch, 449 So.2d 1254 (Ala.Civ.App. 1984).
The employee asserts that there is no evidence which supports the trial court's finding that the employee was only entitled to twelve weeks of temporary total disability. We disagree.
The trial court notes in its final order the evidence upon which it relied in making the determination that the employee's period of total disability was twelve weeks. There was medical evidence that the employee's back injury, which had been diagnosed as chronic lumbar strain, did not involve a herniated disc or neurological damage. The testimony of the employee's treating physicians was that his back injury had not required surgery and that they did not anticipate that surgery would be necessary in the future.
We note the difficult task with which a trial court is faced in a workmen's compensation case when it must specify the date to which an employee's total disability extends and his permanent partial disability begins. The period of temporary total disability may be determined in the trial court's "best judgment" from all the testimony, taking into consideration the nature of the injury. Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705 (1943).
In this case the trial court was clearly warranted in finding, based upon the evidence before it, including that of the employee himself, that the employee's temporary total disability was for a period of twelve weeks.
The employee also asserts on appeal that there is no evidence in the record which supports the trial court's finding that the employee's permanent partial disability is ten percent, i.e., that he is now able to earn ten percent less than his average weekly earnings at the time of his injury. We again disagree.
The employee himself entered into written joint stipulations with the employer in which it was specified "[t]hat the Plaintiff [the employee] has a back condition that has left him with a permanent partial disability and an impairment rating of 5% to the body as a whole as assigned by Dr. Luscher." Dr. Luscher, one of the employee's physicians, had testified in a deposition, which was introduced at the trial, that in his opinion the employee had a five percent permanent partial disability to the body.
There was further testimony at trial by a vocational rehabilitation counselor, to whom the employee was referred by Dr. Luscher. The counselor testified as to several different occupations, automobile sales in particular, which the employee could enter with "income possibilities there for Mr. Padgett very much commensurate with the salary he's known in his employment at International Paper Company." *Page 1289 
The percentage of permanent partial disability is for determination by the trial court, based upon such factors as physical disability, age, education, experience, etc., which affect employability and thus earning capacity. City ofEnterprise v. Herring, 372 So.2d 358 (Ala.Civ.App. 1979).
In view of all the evidence, the trial court was more than justified in finding that the employee's permanent partial disability is ten percent.
In sum, we find that the trial court's findings and determinations both as to the employee's temporary total disability and permanent partial disability are clearly supported by evidence in the record. We, therefore, affirm. SeeBenefield v. Goodwill Industries of Mobile, [Ms. February 27, 1985]; Wilson v. Berry Industries Company, 451 So.2d at 342.
The employer has filed with this court a motion to dismiss the employee's appeal. The motion is bottomed on the premise that the employee's brief was untimely filed with this court. There is some merit to the motion. However, in view of some confusion regarding when notification of the certification of completion of record was given and the policy of this court to reach the merits of an appeal, the motion to dismiss is denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.