ROBERT M. PARKER, Retired Circuit Judge.
This is a workmen’s compensation case.
On February 2,1983 Dewey Colburn, age forty-seven, was employed by Franklin Homes, Inc. in the construction of mobile homes. While in the process of installing a partition in a mobile home, Colburn slipped on a wet floor and fell some four to six feet to a concrete floor, landing on his back. An injury to his back resulted from the fall, and on April 4, 1983 a ruptured disc was surgically removed. As of trial date, Col-burn had not returned to work, nor had his doctor released him to return to work. After an ore tenus hearing, the trial court found Colburn to be permanently totally disabled and awarded him compensation for seventy-six weeks due from August 19, 1983 to November 15, 1984, being the sum of $12,160, but released defendant from all further workmen’s compensation payments except medical payments. The court also awarded fifteen percent attorney’s fee. The trial court on December 26, 1984 amended its judgment by deleting from the November 15, 1984 judgment that portion which relieved defendant of further payment of compensation upon payment of the $12,160, ordered the fifteen percent attorney’s fee to be paid in a lump sum to be deducted from the back end of the compensation benefits to be paid Colburn, and overruled defendant’s motion for new trial. On February 7, 1985 the trial court again amended its order and fixed the attorney’s fee at $16,141.30, based upon the life expectancy of Colburn.
The defendant contends on appeal that there was no reasonable evidence presented to the trial court upon which to base a finding of permanent total disability and loss of earning ability, and further the trial court erred in awarding a lump-sum attorney’s fee.
“[A] judgment in a workmen’s compensation proceeding will not be disturbed upon review by certiorari if there is any legal evidence to support the trial court’s finding.” Bolden v. M. Lowenstein & Sons, Inc., 392 So.2d 1207 (Ala.Civ.App.1981). The evidence reveals that Colburn was forty-seven years of age at the time of his injury, he had a twelfth grade education, and had always worked as a carpenter or electrician. The doctor estimated his disability as fifteen percent permanent partial to the whole body, but stated he could not return to his employment or even cut grass. Colburn testified he was in constant pain in his back and legs and was unable to do anything. He could not stand for very long nor walk very far, he could drive only a short distance, could not sit for very long, and had to go to bed one to two hours a day for relief. Mrs. Colburn testified as to her husband’s apparent constant pain and his inability to perform any work or enjoy any recreational activity.
“The test for permanent total disability is not absolute helplessness or entire physical disability, but inability to perform one’s trade or inability to obtain gainful employment.” Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). The weight of the evidence before the trial court is not before this court on appeal in a workmen’s compensation case. Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980). “A trial court may make a finding of permanent total disability or a percentage of disability without even expert medical testimony.” Bankhead Forest Industries, Inc. v. Lovett, supra. There is evidence in the record that because of pain Colburn is unable to seek *1140 gainful employment or even do menial tasks around his home. This supports the trial court’s findings. Mobile Paint Co. v. Crowley, 56 Ala.App. 673, 325 So.2d 182 (1975); Bankhead Forest Industries, Inc. v. Lovett, supra.
Employer next contends that the trial court erred in awarding attorney’s fee to be paid in a lump sum and to be deducted from the back end of compensation benefits. Employer says that lump-sum awards of attorney’s fees are improper, especially in the case of permanent total disability awards where the duration of the disability is unknown. Employer then attacks our opinion in Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App.1983), especially that part where we said: “The fact that there is a possibility of a later change in the compensation award has no effect on the award of attorney’s fees. The attorney has earned the fee regardless of subsequent changes.” However, we have continued to follow our ruling in Ashland Chemical Co. v. Watkins, supra, and we find no error in the awarding of attorney’s fee in this case. See, e.g., Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903 (Ala.Civ.App. 1984).
No other matters being raised on appeal, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.