This is a workmen's compensation case.
In October 1984 Billy Higgins, the employee, filed a complaint alleging that during the course of his employment with Hardin's Bakery, Inc. he suffered personal injuries on or about January 23, 1983. The employee alleged that, as a result of these injuries, he is totally and permanently disabled within the meaning of Alabama's workmen's compensation statutes and, therefore, is entitled to benefits under those statutes.
After a trial was held the court found Higgins to be one hundred percent totally and permanently disabled and awarded him *Page 1253 
permanent and total disability benefits under the workmen's compensation laws.
The court's order also awarded the employee's attorney fifteen percent of all benefits payable under the order as attorney's fees, pursuant to section 25-5-90, Code 1975. The court reserved ruling on the motion for lump-sum award of attorney's fees.
The employer filed a motion for a new trial. After a hearing on both of the motions, the court issued its order on July 23, 1985, denying the motion for a new trial and approving the motion for lump-sum award of attorney's fees. The attorney's fees were set at fifteen percent of the total compensation awarded based on the life expectancy of Higgins. The amount was commuted to its present value of $18,507.55.
The employer filed its notice of appeal on September 3, 1985. The employer raises two issues on appeal, both dealing with the award of attorney's fees.
In its first issue employer argues that the trial court, by virtue of section 25-5-90, Code 1975, is limited in the amount of attorney's fee it can award to employee's attorney to fifteen percent of the total compensation benefits due the employee. Employer says, however, that the trial court in its discretion can award a lesser amount to employee's attorney, depending on the circumstances of the case. Employer submits that no standards or guidelines have been established to assist the trial court in fairly exercising its discretion in fixing an attorney's fee, and urges this court to establish such guidelines.
In a workmen's compensation case, the attorney's fee is paid by the employee, i.e. the amount of the attorney's fee is deducted from the compensation benefits awarded to the employee. The employee has not appealed the award of the attorney's fee as error by the trial court in this case.
 "When an error applies only as to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal."
Rush v. Heflin, 411 So.2d 1295 (Ala.Civ.App. 1982).
Any error as to the award of an attorney's fee, therefore, would be a matter for the employee to present on appeal. This the employee has not done.
The alleged error does not apply to the employer; consequently, the employer has no standing to raise the issue on appeal.
The employer's second issue deals with the manner in which the attorney's fees are to be paid. This court has consistently held that in a workmen's compensation case the manner of payment of the attorney's fees is left to the discretion of the trial court. Fruehauf Corp. v. Keenum, 466 So.2d 137
(Ala.Civ.App. 1984). We find no abuse of that discretion in this case.
The employer urges us, however, to overrule Ashland ChemicalCo. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983), wherein we upheld the trial court's authority to award lump-sum attorney's fees reduced to their present value and to require that the fees be paid off the back end of employee's compensation benefits. The employer fails, however, to propound any compelling arguments which would compel us to overrule our decision in Ashland and the cases which have followed.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1254