This is a workmen's compensation case.
The only facts pertinent to this appeal are as follows:
The trial court found that the employee was permanently totally disabled and awarded permanent and total disability benefits in the amount of $140 per week. The employee's attorney was awarded a fee of fifteen percent of the total estimated compensation benefits, based upon a life expectancy for the employee of 44.9 years, to-wit, $58,371.17. The court ordered the attorney's fee paid in a lump sum to be deducted by the employer from the back end of the compensation benefits. This manner of payment has been upheld by this court on a number of occasions. See, e.g., Fruehauf Corporation v. Keenum,466 So.2d 137 (Ala.Civ.App. 1984); Lawler Mobile Homes v.Hinkle, 459 So.2d 903 (Ala.Civ.App. 1984); Goodyear Tire Rubber Co. v. Mitchell, 459 So.2d 901 (Ala.Civ.App. 1984);Ashland Chemical Co., 435 So.2d 1301 (Ala.Civ.App. 1983).
On appeal, the employer asserts a number of arguments for reversal of the order awarding the attorney a fee. He contends that the award was excessive and unreasonable; that there exists a glaring need for guidelines to be used by trial courts when setting these fees; and finally, that the trial court erred when it failed to commute the lump sum attorney's fee award to its present value. In response, appellee says that as the fee comes from his award and he is not complaining as to payment of the attorney fee in this manner and amount, employer has no standing to complain on appeal.
In Rush v. Heflin, 411 So.2d 1295 (Ala.Civ.App. 1982), our distinguished Judge Scruggs, writing for the court, said that "since the employer pays no portion of such a fee but the employee must bear the whole fee out of compensation awarded," any error regarding the attorney's fee award is a matter for correction between the employee and his attorney. "It is no basis for complaint on appeal by the employers." Id. Perhaps, as contended by employer, there is basis for distinction between this case and Rush. However, this court has just spoken again to the issue of standing of employer on appeal from an award of attorney fees to attorney of employee in the case ofHardin's Bakery, Inc. v. Higgins, 480 So.2d 1252 (Ala.Civ.App. 1985). We do not now renounce that decision.
It appears to the court that in view of the statute (§25-5-93, Code 1975), the matters asserted for reversal are matters more properly addressed by the legislature. Of course, those arguments, as well as the issue of standing of employer on appeal, may be presented to our supreme court by petition for writ of certiorari.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1092