HOLMES, Judge.
This is a workmen’s compensation case.
After an ore terms hearing, the trial court found the employee to be permanently and totally disabled and awarded workmen’s compensation benefits. In addition, the trial court awarded lump sum attorney fees to be paid in advance.
The employer appeals and we affirm.
The employer, through able counsel, raises two issues on appeal. First, that there was insufficient evidence to sustain the trial court’s conclusion that the employee was totally and permanently disabled and, therefore, suffered a total loss of ability to earn. Second, that the trial court erred in awarding a lump sum attorney fee to be paid in advance. We disagree.
It is neither necessary nor prudent to set out in detail the facts of this case. The pertinent facts with regard to the first issue are as follows:
Dr. Clarence Brown, a vocational-rehabilitation expert from Auburn University, tes *1294 tified that, after evaluating the employee, a pulpwooder, it was his opinion that this employee could not enter the job market again as a result of a log rolling off a skidder upon his left leg. It was Dr. Brown’s opinion that this injury restricted the employee from any manual labor, thus, effectively foreclosing any opportunity for this individual’s enjoyment of gainful employment.
It is well settled that, on appellate review of workmen’s compensation cases, this court is limited to determining whether there is any legal evidence present to support the trial court’s findings. If there is any legal evidence which is supportive of the trial court's findings, we are required to affirm those findings. However, a review of the weight of the evidence or of the trial court’s findings of fact is not properly before this court. Padgett v. International Paper Co., 470 So.2d 1287 (Ala.Civ.App.1985); Davis v. Fabarc Steel Supply, Inc., 469 So.2d 114 (Ala.Civ.App.1985); Rice v. Wellborn Forest Products, Inc., 465 So.2d 1165 (Ala.Civ.App.1985).
Additionally, this court must construe facts in favor of the claimant in workmen’s compensation cases if the evidence allows such construction. Hyster Co. v. Chandler, 461 So.2d 828 (Ala.Civ.App.1984).
The employer complains that Dr. Brown was unaware of the employee's past work experience in a cotton mill at the time of his evaluation and, thus, was without facts that were necessary to form a true and accurate opinion of the employee’s ability to enjoy gainful employment. However, we note that, although Dr. Brown was unaware of the employee’s past work experience in the cotton mill prior to trial, this work experience was related to Dr. Brown at the trial. In light of this new knowledge, Dr. Brown’s opinion remained unchanged with regard to the total and complete disability of the employee and his inability to enter the job market.
We find that, given Dr. Brown’s testimony and other testimony from the employee, the trial court did not err in finding the employee to be totally and completely disabled, thereby suffering a total loss of ability to earn.
The employer’s next contention is that the trial court erred in awarding lump sum attorney fees in advance. We disagree.
This court has on several prior occasions dealt with this issue as raised by the employer. See Amerace Corp. v. Cox, 469 So.2d 656 (Ala.Civ.App.1985); Fruehauf Corp. v. Keenum, 466 So.2d 187 (Ala.Civ.App.1984), cert. denied, 466 So.2d 137 (Ala.1985); Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903 (Ala.Civ.App.), cert. denied, 459 So.2d 903 (Ala.1984); Goodyear Tire and Rubber Co. v. Mitchell, 459 So.2d 901 (Ala.Civ.App.1984); Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App.1983). As noted, the Alabama Supreme Court has on two occasions denied certiorari on these cases.
We, therefore, affirm the trial court’s award of lump sum attorney fees in light of our previously cited cases that were decided contrary to the employer’s argument today.
It is this court’s conclusion that, for the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.