This is a workmen's compensation case.
The employee sustained an injury to his back during the course of his employment. The trial court found that he was 100% disabled from gainful employment and awarded him past and future benefits.
The trial court ordered the employer to pay $680.75 for the employee's medical, hospital, surgical, and drug expenses to the date of the trial. The court noted that the employer had already paid $21,724.94 for such expenses and that the employer would remain liable for all such future expenses.
The trial court further awarded the employee an attorney's fee of 15% of the past compensation awarded, or $5,340, and 15% of future payments.
The employee appeals, contending that the trial court erred in awarding him only $680.75 for the expenses of his medical and surgical treatment prior to the date of trial. He also claims that the trial court abused its discretion in failing to award a lump sum attorney's fee. We affirm as to both issues raised on appeal.
Ala. Code (1975), § 25-5-77 (a), requires the employer to pay the actual cost of reasonably necessary medical and surgical treatment, physical rehabilitation, and medicine. In applying §25-5-77 (a), this court has held, "Where there is no evidence that a medical charge is reasonable, there is no basis for awarding judgment on the charge because it is not a matter of common knowledge." Carroll Construction Co. v. Hutcheson,347 So.2d 527, 529 (Ala.Civ.App. 1977). See Allen v. DiversifiedProducts, 453 So.2d 1063 (Ala.Civ.App. 1984).
Our review of the record reveals numerous bills which the employee attempted to put into evidence, some successfully, others unsuccessfully. The bills purport to represent medical and drug expenses of the employee, but as to most of them there was no testimony given as to the reasonable necessity of such expenses. There was such testimony as to one or two of the bills, including that of Dr. Serrato, but such testimony was vague and confusing, particularly as to the amount still outstanding on the Serrato bill.
The employee argues that the testimony and other evidence which show the severity of the employee's injury, the number of physicians he consulted, and the different treatments he required are themselves evidence of the reasonable necessity of the *Page 964 
expenses represented by the bills. We agree. See TG Y StoresCo. v. Higdon, 437 So.2d 1035 (Ala.Civ.App. 1983).
Nevertheless, it was the responsibility of the trial court, not this court, to weigh all such evidence. This workmen's compensation case is before this court by writ of certiorari. Ala. Code (1975), § 25-5-81 (d). "On certiorari our review `is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court.' Armstrong v. Lewis Associates Construction Co., 451 So.2d 332, 334 (Ala.Civ.App. 1984)." Padgett v. International Paper Co., 470 So.2d 1287,1288 (Ala.Civ.App. 1985). See also Benefield v. GoodwillIndustries of Mobile, 473 So.2d 505 (Ala.Civ.App. 1985). If there is any legal evidence that supports the findings of the trial court, this court will affirm those findings. Benefield, 473 So.2d at 506; Padgett, 470 So.2d at 1288.
Under this narrow standard of review, we affirm the trial court's ordering the employer to pay only $680.75 for medical, surgical, and drug treatment. There is evidence which supports the trial court's conclusion that only such amount was established to be reasonable and necessary.
With regard to the employee's second contention on appeal — that a lump sum attorney's fee should have been awarded — this court has held that the manner of payment of attorney's fees in a workmen's compensation case pursuant to Ala. Code (1975), §25-5-90, is a matter within the discretion of the trial court.Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903
(Ala.Civ.App. 1984); Ashland Chemical Co. v. Watkins,435 So.2d 1301 (Ala.Civ.App. 1983). This discretion includes the determination of whether or not to award a lump sum attorney's fee. See Lawler, 459 So.2d at 905; Ashland Chemical, 435 So.2d at 1302.
The employee has not established abuse of the trial court's discretion due to its failure to award a lump sum attorney's fee. We can appreciate the hard work that counsel for the employee put into the case in order to obtain a judgment of 100% disability. Such circumstances alone, however, do not indicate that the trial court abused its discretion.
This case is due to be, and it is, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.