This is a workmen's compensation case.
After an ore tenus trial before the circuit court, a judgment was rendered which ascertained, among other things, that the employee was entitled to compensation for a permanent total disability, that the employer pay a psychological counseling bill of $13,920 to Dr. Evans-Cleary (the doctor), and that the employee's attorneys be paid by the employer from the back end of the employee's compensation benefits a lump sum, up-front attorneys' fee of $33,163, which was fifteen percent of the full judgment. After the employer's motion under Rule 59, Alabama Rules of Civil Procedure, was overruled by the trial court, the employer timely appealed.
 1.
The employer first contends that the trial court should not have ordered the employer to pay the doctor's bill since her counseling treatment of the employee was never authorized by the employer.
The employee's on-the-job back injury occurred in 1979. The employee was hospitalized for about one month in Meridian, Mississippi, in 1982 for psychiatric treatment following a suicide attempt. When he was released from the hospital, he was referred by his psychologist to the doctor, a professional, clinical counselor, for outpatient therapy. The employee's initial office visit with the doctor was in November 1982, and, from that date to the October 30, 1984, trial of the case, the doctor counseled with him between one and three hours on each of his office visits, which occurred from one to three times a week. Her bill for her services was introduced into evidence, and it contained several notations of "Ins pd" as to credits to the account. The following testimony of the doctor was the sole evidence in explanation thereof:
"Q What is that, please, ma'am?
"A This is James Tyson's present account with me.
 "Q Doctor Cleary, I'd like for you to examine that and see whether or not it's true and correct? *Page 186 
 "A It is correct, true and correct up through yesterday.
 "Q All right. Doctor Cleary, I notice in looking at that, part of those amounts have been paid. I'd like to ask you who has paid those amounts, please, ma'am?
 "A The insurance company, with the exclusion of Forty Dollars.
"Q Do you know what insurance company that is?
"A Metropolitan.
 "Q That's not related to his workman's compensation insurance, is it?
 "A No, I believe this is the insurance company with Transco, this is not workman's compensation."
She further testified that Dr. Douglas referred the employee to her, but it is not shown in the record that Dr. Douglas had any implied or expressed authorization from the employer to do so. She further specifically swore that neither the employer nor the carrier of its workmen's compensation insurance referred the employee to her for psychological counseling.
In workmen's compensation cases our factual scope of review is limited strictly to an examination of the trial evidence to determine if any legal evidence was supportive of the trial court's findings, and, if such evidence existed, we must affirm the trial court's judgment without any attempt on our behalf to weigh it. Allen v. Diversified Products, 453 So.2d 1063
(Ala.Civ.App. 1984). If it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which causes or contributes to an occupational or physical disability, such disability is compensable; and the employer must pay the actual cost of reasonable, necessary psychiatric treatment. FruehaufCorp. v. Prater, 360 So.2d 999 (Ala.Civ.App.), cert. denied,360 So.2d 1003 (Ala. 1978). An employee may avail himself of medical services if the employer has expressly conveyed to the employee the impression that the employee is authorized to go to a physician of the employee's own choosing or if the employer with full knowledge has failed to object thereto over a substantial period of time. Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985); Jasper Community Hospital, Inc.v. Hyde, 419 So.2d 594 (Ala.Civ.App. 1982).
 "We also find no error in the trial court's failure to award claimant psychological medical expenses. In addition to evidence that at least some of said expenses were paid by another source, the record is devoid of evidence indicating either the necessity or reasonableness of claimant's psychological care or that said care was ever authorized by employer or its workmen's compensation carrier.
 "With the exception of emergency care, the employer has the first right to select the medical or surgical attendant who treats the claimant. § 25-5-77 (a) Code 1975. The employer is not liable for medical, surgical, or, in this case, psychological treatment obtained by the employee without justification or notice to the employer. Condry v. Jones Farm Equipment Co., 358 So.2d 1030 (Ala.Civ.App. 1978). Claimant having failed to prove notice or authorization of the treatment in question by employer, is not entitled to compensation of expenses incurred in that treatment."
Allen, 453 So.2d at 1065-66.
Here, there was no evidence that the psychological care which was provided by the doctor to the employee was ever expressly authorized by the employer or its workmen's compensation carrier. However, able counsel for the employee argue in substance that Metropolitan was the employer's agent, that the employer had complete knowledge that Metropolitan was making payments to the doctor, and that the employer refused, failed, or neglected to object to the doctor's treating the employee. We disagree. The only evidence pertaining to that argument has been copied above. There was no proof of any actual agency relationship between Metropolitan and the employer, and the evidence which is in the record was not sufficiently *Page 187 
developed to authorize the imputation of such an agency relationship. The record is devoid of testimony that the employer or its workmen's compensation carrier had any knowledge that the employee was consulting with the doctor or that the employee had an impression that he was authorized by them to seek the services of the doctor. In short, there was no evidence that the employer or its workmen's compensation insurance carrier at any time in any manner expressly or impliedly authorized the employee to avail himself of the doctor's psychological counseling. The burden was upon the employee to prove notice to or authorization by the employer or its workmen's compensation insurance carrier of the treatment in question by the doctor, and, having failed to do so, the employee is not entitled to payment from the employer or its workmen's compensation insurance carrier of the expenses involved in that treatment. Allen, 453 So.2d 1063. Therefore, the learned trial court erred in ordering the employer to pay Dr. Evans-Cleary's bill, and that aspect of the case is reversed and remanded for the entry of a judgment by the trial court which is consistent with this opinion.
 2.
The employer contends that the trial court erred in awarding a fee to the employee's attorneys to be paid up front in a lump sum with it to be deducted from the end of the employee's compensation payments. We are requested to reconsider AshlandChemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983), and its progeny, especially Hardin's Bakery, Inc. v. Higgins,480 So.2d 1252 (Ala.Civ.App. 1985).
Since Ashland, the award of such a lump sum, up-front attorney's fee has become firmly entrenched in the law of this state. Southern Prestressed Concrete, Inc. v. Thomas,485 So.2d 772 (Ala.Civ.App. 1986); Topline Retreads of Decatur, Inc. v.Moore, 484 So.2d 1090 (Ala.Civ.App. 1985); Dean v. Bryant,475 So.2d 879 (Ala.Civ.App. 1985); Franklin Homes, Inc. v. Colburn,474 So.2d 1138 (Ala.Civ.App. 1985); Amerace Corp. v. Cox,469 So.2d 656 (Ala.Civ.App. 1985); Fruehauf Corp. v. Keenum,466 So.2d 137 (Ala.Civ.App. 1984); Lawler Mobile Homes, Inc. v.Hinkle, 459 So.2d 903 (Ala.Civ.App. 1984); and Goodyear Tire Rubber Co. v. Mitchell, 459 So.2d 901 (Ala.Civ.App. 1984). In the Topline Retreads, Fruehauf Corp., Lawler Mobile Homes, andGoodyear Tire Rubber Co. cases, the supreme court denied certiorari.
The noteworthy arguments to set aside Ashland which are here presented on behalf of the employer have been heretofore ruled to be inapt by one or more of the above decisions. The contention regarding the Hardin's Bakery case was expressly rejected in Topline Retreads, 484 So.2d 1091. Even if it be assumed that we possess the authority to set aside Ashland orHardin's Bakery in spite of the certiorari denials in the four cases by the supreme court, we have no inclination to do so, for we still deem Ashland to be fair and just. The award of the lump sum, up-front fee to the employee's attorneys is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.