512 So.2d 1377 (1987)
The SECOND INJURY TRUST FUND
v.
Duncan STANTON.
Civ. 5496.
Court of Civil Appeals of Alabama.
February 18, 1987.
Rehearing Denied March 25, 1987.
Certiorari Denied August 28, 1987.
George Cocoris, Gen. Counsel, and Craig A. Donley, Asst. Gen. Counsel, State of Alabama Dept. of Indus. Relations, for appellant.
Daniel L. McCleave, of Pennington, McCleave and Patterson, Mobile, for appellee.
Alabama Supreme Court 86-892.
HOLMES, Judge.
This is a workmen's compensation case.
After an ore tenus hearing, the trial court found that the employee was permanently and totally disabled. The trial court further determined that the employee was entitled to receive compensation to be paid *1378 from the Second Injury Trust Fund (the Fund), pursuant to Ala.Code (1975), § 25-5-57(a)(4)(f). The Fund is an integral part of Alabama's workmen's compensation statute.
The trial court then ordered the Director of the Department of Industrial Relations, who serves as trustee for the Fund, to pay a lump-sum attorney fee to the employee's attorney equal to fifteen percent of the total benefits the employee is eligible to receive during his lifetime.
The Fund, through able counsel, appeals. We affirm.
The dispositive issue on appeal is whether the trial court has the discretion to make a lump-sum attorney fee award to be paid from the Fund.
Counsel for the Fund argues that the particular wording of Ala.Code (1975), § 25-5-73, does not authorize the lumpsum payment to attorneys. However, the statute, in fact, makes no provision for the payment of attorney fees at all. Therefore, it would appear that, if any attorney fees are allowed under this statute, it would be pursuant to Ala.Code (1975), § 25-5-90. Section 25-5-90 relates to the award of attorney fees in workmen's compensation cases.
We have found no Alabama cases dealing with a lump-sum attorney fee award payable from the Fund. However, in view of our recent line of cases concerning the award of attorney fees in other workmen's compensation cases, it would appear that the trial court does have the discretion to make such an award from the Fund.
This court has held that a trial court may in its discretion award a lump-sum attorney fee in workmen's compensation cases, pursuant to Ala.Code (1975), § 25-5-90.
"The trial judge shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment...." Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App.1983). Additionally, this court has held that § 25-5-90 permits trial judges to make discretionary lump-sum attorney fee awards in all workmen's compensation cases. Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903 (Ala. Civ.App.1984). We have continuously upheld these decisions. Topline Retreads of Decatur, Inc. v. Moore, 484 So.2d 1090 (Ala.Civ.App.1985); Dean v. Bryant, 475 So.2d 879 (Ala.Civ.App.1985); Franklin Homes, Inc. v. Colburn, 474 So.2d 1138 (Ala.Civ.App.1985); Fruehauf Corp. v. Keenum, 466 So.2d 137 (Ala.Civ.App.1984).
The only difference in the present case and our prior decisions concerning the award of attorney fees in workmen's compensation cases is that here we are dealing with a public fund as opposed to a "private" source of funds. We see no reason why this difference should take this case out of the general rule laid down in Ashland and its progeny, allowing the award of lump-sum attorney fees.
Any argument that a lump-sum attorney fee award could deplete the entire Fund is misplaced. Once the attorney fee award is determined, it remains the same, whether it is paid weekly or in a lump sum. Therefore, the total amount paid to the attorney from the Fund will remain the same regardless of the method of the payment.
This state's existing regulation of workmen's compensation constitutes a public policy recognition that the claims of injured workers should not go uncompensated. Consistent with this policy are our prior decisions which have allowed for the assessment of lump-sum attorney fees, thereby encouraging all attorneys to accept employment in workmen's compensation cases.
In view of the above, we find that the trial court did not abuse its discretion in making a lump-sum attorney fee award.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
BRADLEY, P.J., dissents.
BRADLEY, Presiding Judge, dissenting:
I respectfully dissent.
The decision rendered by the majority in this case applies our Ashland decision to a set of facts completely opposite from those *1379 of Ashland and subsequent cases construing section 25-5-90, Code 1975. The Ashland case dealt with the imposition of lump-sum attorney fee awards against employee benefits paid by an employer and its workmen's compensation insurance carrier. The present case involves a lump-sum award assessed against weekly benefits paid out of a public fund.
Initially, it is a fundamental rule of statutory construction that this court is under a duty to effectuate legislative intent. Ex parte Holladay, 466 So.2d 956 (Ala.1985). The legislature's intent may be gleaned from both the purposes and objects of the legislation. Shelton v. Wright, 439 So.2d 55 (Ala.1983). Furthermore, where one interpretation of a statute would defeat its stated purpose, that interpretation should be rejected in favor of other reasonable interpretations that do not defeat the statute's purpose. Druid City Hospital Board v. Epperson, 378 So.2d 696 (Ala. 1979).
With these principles of statutory construction clearly in focus, I now turn to the particular statute in question and its application to Alabama's workmen's compensation laws.
This court has held that the primary goal of the State's workmen's compensation statute is to aid injured employees without affording them a double recovery. Holder v. Weatherly, 456 So.2d 812 (Ala.Civ.App. 1984). Also, the purpose of the Second Injury Trust Fund (hereinafter referred to as the Fund) is to make payments to injured workers who are rendered permanently and totally disabled by injuries sustained on two separate jobs, each at a different time. The Fund is activated to compensate such workers only after each of two or more private employers compensates the worker for that aspect of the worker's permanent and total disability for which that employer is responsible. See, §§ 25-5-57(a)(4)(e), -57(a)(4)(f), Code 1975; § 25-5-70, Code 1975; and § 25-5-73, Code 1975.
Section 25-5-73 provides for the priority of payments to be made by the Fund. The pertinent provisions of that section state:
"There shall be paid from the fund [1] the premiums on the fidelity bonds of the trustee and custodian, [2] refunds when authorized by the director as trustee of the fund and [3] payments of the remainder of compensation to the extent provided in paragraph (a)(4)e of section 25-5-57."
See, § 25-5-73, Code 1975.
The language of the statute specifically provides that payments from the Fund are to be made on a weekly basis, but such payments are to be made only as long as sufficient proceeds exist in the Fund for immediate payment. See, § 25-5-73, Code 1975. Additionally, the statute expressly provides that the claims of injured workers shall take priority in ascending numerical order according to the date of each individual claimant's injury. See, § 25-5-73, Code 1975.
Thus, the clear language of the statute prioritizes payments to be made by the Fund's trustee, and specifies that the claims of injured workers are to be paid only after the trustee has paid premiums on the Fund's various fidelity bonds and paid refunds to those who have overpaid into the Fund. See, §§ 25-5-71(c), 25-5-73, Code 1975.
Section 25-5-73 also expressly states that once the priority of the claims of injured workers accrues against the Fund, those claims are to be paid only if sufficient money exists in the Fund to pay them. Thus, if for any reason the weekly claims of injured workers should exceed the money available for immediate payment of those claims, those injured claimants with the most recent injuries, i.e. those with the lowest priority claims, would simply go uncompensated. See, § 25-5-73, Code 1975.
From the foregoing analysis one can readily see that lump-sum awards of attorney fees could deplete the entire Fund and subrogate the weekly claims of some injured employees to those of attorneys.
In its opinion, the majority fails to either address or consider the prioritization of claims pursuant to section 25-5-73. The *1380 majority also fails to contemplate whether the legislature's prioritization of such payments constitutes a legislative intent that such lump-sum awards were not to be assessed against the Fund. Indeed, had the legislature desired that such lump-sum attorney fees be assessed against the Fund, it could have so stated while prioritizing other claims in section 25-5-73.
The only way for the majority to conclude that lump-sum attorney fee awards may be made out of the Fund is for it to somehow assume that the Fund's trustee possesses the ability to regularly set aside certain monies as claims accrue, and that each amount set aside constitutes a sufficient sum to pay the entire accrued claim. If that were the case, the claims of injured workers could never be subrogated to those of attorneys. However, I find no justification for this rationale in either the facts in the record or the language of section 25-5-73.
This court, in Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1973), held that a trial court may allow discretionary lump-sum attorney fee awards to be deducted from compensation benefits awarded but not yet paid to an injured employee. Ashland, however, is factually distinguishable from the facts in the present case because it involved a lump-sum award against a private employer and its workmen's compensation carrier. The Ashland claimant, like every other injured employee who has a claim against such a business entity, is virtually assured of having his outstanding claim satisfied as it falls due. Under the present facts, however, the weekly claims of injured workers may be satisfied only if sufficient money exists in the Fund to pay them from week to week.
For these reasons the assessment of lump-sum attorney fee awards against the Fund gives rise to a statutory construction which creates the possibility that lawyers' lump-sum claims against the Fund may be satisfied at the expense of the claims of injured workers which accrue later in time. Such a construction is in direct contravention of public policy considerations embodied in the workmen's compensation laws of this state. See, Holder v. Weatherly, supra. It is the role of the legislature, and not the courts, to change the public policy considerations of the State's workmen's compensation statute.