This is a workmen's compensation case.
After an ore tenus hearing, the trial court found that the employee was permanently and totally disabled. The trial court further determined that the employee was entitled to receive compensation to be paid *Page 1378 
from the Second Injury Trust Fund (the Fund), pursuant to Ala. Code (1975), § 25-5-57(a)(4)(f). The Fund is an integral part of Alabama's workmen's compensation statute.
The trial court then ordered the Director of the Department of Industrial Relations, who serves as trustee for the Fund, to pay a lump-sum attorney fee to the employee's attorney equal to fifteen percent of the total benefits the employee is eligible to receive during his lifetime.
The Fund, through able counsel, appeals. We affirm.
The dispositive issue on appeal is whether the trial court has the discretion to make a lump-sum attorney fee award to be paid from the Fund.
Counsel for the Fund argues that the particular wording of Ala. Code (1975), § 25-5-73, does not authorize the lump-sum payment to attorneys. However, the statute, in fact, makes no provision for the payment of attorney fees at all. Therefore, it would appear that, if any attorney fees are allowed under this statute, it would be pursuant to Ala. Code (1975), §25-5-90. Section 25-5-90 relates to the award of attorney fees in workmen's compensation cases.
We have found no Alabama cases dealing with a lump-sum attorney fee award payable from the Fund. However, in view of our recent line of cases concerning the award of attorney fees in other workmen's compensation cases, it would appear that the trial court does have the discretion to make such an award from the Fund.
This court has held that a trial court may in its discretion award a lump-sum attorney fee in workmen's compensation cases, pursuant to Ala. Code (1975), § 25-5-90.
"The trial judge shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment. . . ." Ashland Chemical Co. v. Watkins, 435 So.2d 1301
(Ala.Civ.App. 1983). Additionally, this court has held that §25-5-90 permits trial judges to make discretionary lump-sum attorney fee awards in all workmen's compensation cases. LawlerMobile Homes, Inc. v. Hinkle, 459 So.2d 903
(Ala.Civ.App. 1984). We have continuously upheld these decisions. ToplineRetreads of Decatur, Inc. v. Moore, 484 So.2d 1090
(Ala.Civ.App. 1985); Dean v. Bryant, 475 So.2d 879 (Ala.Civ.App. 1985);Franklin Homes, Inc. v. Colburn, 474 So.2d 1138
(Ala.Civ.App. 1985); Fruehauf Corp. v. Keenum, 466 So.2d 137
(Ala.Civ.App. 1984).
The only difference in the present case and our prior decisions concerning the award of attorney fees in workmen's compensation cases is that here we are dealing with a public fund as opposed to a "private" source of funds. We see no reason why this difference should take this case out of the general rule laid down in Ashland and its progeny, allowing the award of lump-sum attorney fees.
Any argument that a lump-sum attorney fee award could deplete the entire Fund is misplaced. Once the attorney fee award is determined, it remains the same, whether it is paid weekly or in a lump sum. Therefore, the total amount paid to the attorney from the Fund will remain the same regardless of the method of the payment.
This state's existing regulation of workmen's compensation constitutes a public policy recognition that the claims of injured workers should not go uncompensated. Consistent with this policy are our prior decisions which have allowed for the assessment of lump-sum attorney fees, thereby encouraging all attorneys to accept employment in workmen's compensation cases.
In view of the above, we find that the trial court did not abuse its discretion in making a lump-sum attorney fee award.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
BRADLEY, P.J., dissents.