INGRAM, Judge.
In September 1985, Royce A. Parnell filed suit in the Washington County Circuit Court against St. Regis Corporation-Champion International Corporation (employer) for workmen’s compensation benefits. On the day of trial, the case was settled. The settlement agreement was embodied in a document styled “Stipulation of Fact.” The trial court entered judgment on the stipulation of fact on December 30, 1986. The court adjudged the employee, Royce A. Parnell, to be permanently totally disabled and awarded him future benefits to be paid at the rate of $194.00 per week. Upon motion by counsel for employee, the trial court awarded lump sum attorney fees in the amount of $62,957.60, pursuant to § 25-5-90, Ala. Code 1975 (1986 Repl.Vol.)
The issue raised by appellant here is whether the employee’s attorney fees were properly awarded in lump sum when the employer and employee settled the workmen’s compensation action, and there is a possibility that the employee will, through rehabilitation, be able to return to gainful employment, thus terminating the compensation benefits.
The statute controlling attorney fee awards in workmen’s compensation cases, § 25-5-90, Code 1975, provides that the trial judge “shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed 15 percent of the compen *160 sation awarded or paid.” Thus, it is within the sound discretion of the trial judge to direct the manner of payment of attorney’s fees. Hardin’s Bakery, Inc. v. Higgins, 480 So.2d 1252 (Ala.Civ.App.1985). Furthermore, the law in Alabama is well established that the workmen’s compensation act allows the trial court to award lump sum payment of attorney’s fees. Goodyear Tire & Rubber Co. v. Mitchell, 459 So.2d 901 (Ala.Civ.App.1984).
We also note that the fact that there exists the possibility of a later change in the compensation award has no effect on attorney’s fees. The fee has been earned by the attorney, regardless of subsequent changes. Attorney’s fees are computed based upon the facts as to the attorney’s services as of the time the services are rendered. Franklin Homes, Inc. v. Colburn, 474 So.2d 1138 (Ala.Civ.App.1985); Lawler Mobile Homes, Inc. v. Hinkle, 459 So.2d 903 (Ala.Civ.App.1984); Ashland Chemical Co. v. Watkins, 435 So.2d 1301 (Ala.Civ.App.1983);
Appellee’s Rule 38, Alabama Rules of Appellate Procedure, motion requesting damages from appellant for the filing of a frivolous appeal is denied.
This court must uphold the trial court’s actions where supported by any evidence. Ashland Chemical Co., supra. We find the trial court acted within its discretion in awarding attorney fees in the manner that it did.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.