This is a workmen's compensation case.
The trial court found the employee suffered no permanent loss of earning capacity attributable to his injury and denied workmen's compensation benefits. The employee appeals. We affirm.
The standard of review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact.Southern Prestressed Concrete, Inc. v. Thomas, 485 So.2d 772
(Ala.Civ.App. 1986). If there is any evidence to support the trial court's findings, we must affirm. Washington v. WarriorTractor Equipment Co., 487 So.2d 1371 (Ala.Civ.App. 1986).
Scott E. Wilde, employee, was hired as a restaurant manager by Taco Bell Corporation, employer, in April 1986. On October 8, 1986 Wilde fell off a ladder at work, injuring his right elbow and right foot. As a result of his injuries, Wilde was unable to work for two months, during which time Taco Bell paid him temporary total disability benefits. Taco Bell also paid all the medical expenses incurred on account of the injury.
An orthopedic surgeon examined Wilde shortly after the accident and treated him *Page 919 
for several months thereafter. The surgeon found a fracture of the right elbow and the right narvicular (mid-foot bone). In December 1986 the surgeon released Wilde to return to work. Wilde then resumed his duties as a restaurant manager for Taco Bell, though at a different restaurant.
In February 1987 Wilde was terminated from his employment with Taco Bell because he could not maintain a superior rating. The next month, Wilde secured a job as assistant manager of a toy and hobby store. He continues to perform this work.
We first address Wilde's contention that the trial court incorrectly applied the law to the facts. The record shows Wilde was earning substantially less money in his new job. Wilde contends the trial court erred in finding no loss of earning capacity in the face of this evidence. We disagree. Lost earning capacity is not determined by a worker's loss of actual earnings but by his loss of ability to earn. FlorenceEnameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.), cert.denied, 361 So.2d 567 (Ala. 1978); § 25-5-57 (a)(3)g., Code 1975. An injured worker's loss of actual earnings is one of many factors a trial court may consider in determining lost earning capacity. Goodyear Tire Rubber Co. v. Mitchell,459 So.2d 901 (Ala.Civ.App. 1984).
Wilde further argues there is no evidence to support the trial court's finding that he suffered no loss of earning capacity as a result of the accident. Again we disagree. The record contains reports from two vocational experts. One vocational expert estimated Wilde's vocational disability at thirty to thirty-five percent. The other vocational expert opined that Wilde could return to his former job, even with the restrictions placed on him by the orthopedic surgeon. She also noted Wilde's current job requires the ability to perform most of the activities of his former work.
The trial court is not bound by experts' opinions in workmen's compensation cases. Conley v. SCI Systems, Inc.,495 So.2d 698 (Ala.Civ.App. 1986). It may consider all evidence, including its own observations, and interpret the evidence according to its own best judgment. International Paper Co. v.Rogers, 500 So.2d 1102 (Ala.Civ.App. 1986). Here the trial court exercised its judgment and determined Wilde had suffered no loss of earning capacity. Vocational expert testimony that Wilde could perform his former work supports this decision.
If any legal evidence supports the trial court's findings, we must affirm. Padgett v. International Paper Co., 470 So.2d 1287
(Ala.Civ.App. 1985). We find such evidence exists in the case at bar. Therefore, we affirm the trial court's judgment.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.