ROBERTSON, Presiding Judge.
Rebecca Hebert filed suit for workmen’s compensation benefits against Winn Dixie (employer) because of an alleged injury to her back and neck which she suffered while working as head cashier for the employer.
After an ore tenus proceeding, the trial court found that an employment relationship existed between Hebert and the employer on the date of the accident and that both parties were subject to the Workmen’s Compensation Act of Alabama. The trial court further found that, because of her on-the-job accident which resulted when Hebert tried to lift a box containing wine bottles, she suffered permanent partial disability equal to a forty-five percent loss in earnings capacity and ordered the employer to pay benefits and medical expenses accordingly.
Hebert then filed a motion for new trial or, in the alternative, a petition to modify judgment, arguing that she should have been found to be one hundred percent permanently and totally disabled. Following the trial court’s denial of these motions, Hebert appealed.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Hebert argues that there is no evidence to support the trial court’s finding of a forty-five percent loss in earnings capacity *890 and that such a finding of fact is not supported by a reasonable view of the evidence.
At the time of trial, Hebert was 32 years old, married, possessed a high school diploma, and had completed a little more than a year of general studies at the University of Alabama. She also had limited experience doing office work such as typing, filing, and answering the phone.
From depositions, the trial court considered testimony from several neurologists who examined Hebert after her accident. Dr. King testified that Hebert suffered from cervical radiculitis, which is an inflammation or irritation of the nerves leading from the neck down to the arm and hand. However, an MRI scan performed in February 1989, showed no evidence of a herniated cervical disk in the neck and no evidence of nerve impingement in the spinal canal area. Dr. King also testified that Hebert had no problems with her left arm or hand or her legs or feet, and that walking, sitting, squatting, or bending at the knees should pose no problems for her. Furthermore, Dr. King placed a physical impairment rating of forty-five percent permanent partial disability on Hebert and recommended that she not lift objects weighing over two pounds with her right arm.
Dr. Zeiger, another neurologist, testified that a myelogram and post-myelogram CT showed no evidence of nerve root impingement in Hebert’s neck area. Neither Dr. Zeiger nor Dr. Fernandez recommended any follow-up treatment such as surgery. Dr. Kilgo performed two electromyelo-grams (EMGs). The first, along with a nerve conduction study, suggested radiculi-tis in the seventh and eighth cervical nerves. The second EMG showed there to be no deterioration or compression of the nerves in Hebert’s right arm.
Another treating neurologist, Dr. Swillie, gave Hebert an impairment rating of eighteen percent. He further testified that she should be capable of retraining for other jobs, provided that her problems with the flexion and extension (bending forward, sideward, and backward) of her cervical region were taken into account.
In addition to this testimony, we note that the trial court is not bound by expert opinion, but may consider all the evidence, including its own observations, and use its own best judgment in reaching a decision. Wilde v. Taco Bell Corp., 531 So.2d 918 (Ala.Civ.App.1988). Here, the trial court had the opportunity to view Hebert and included this as a reason for its decision in its order.
In considering the record before us, we find there to be legal evidence to support the finding of the trial court. Furthermore, a reasonable view of that evidence supports its judgment. Eastwood. Accordingly, the decision of the trial court is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.