WRIGHT, Presiding Judge.
This is a workmen’s compensation case which has been before this court on two prior occasions. See Littleton v. Gold Kist, Inc., 485 So.2d 1180 (Ala.Civ.App.1986) and Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985). We reversed the original judgment which awarded to claimant a three percent (3%) permanent partial disability under § 25-5-57(a)(3) on October 30, 1985. Due to the sparsity of the judgment of the trial court, this court examined the transcript of evidence, which contained both oral and depositional testimony. From our examination of the record, this court found that the judgment of the trial court was unsupported by and contrary to the evidence. Such finding required reversal of the judgment with remand to the trial court for re-examination of the record and redetermination of the percent of permanent partial disability due claimant under the statute.
Thereafter, without notice to claimant, the trial judge entered a new judgment which awarded permanent partial disability in the amount of five percent. That judgment was appealed.
On February 19, 1986, this court again reversed the judgment of the trial court. We stated: “There is no legal evidence to support the trial court’s finding that Little-ton suffered a five percent permanent partial loss of ability to earn any more than there was to support the original judgment of a three percent loss.” We again noted that the trial court had made no finding of fact relative to a five percent permanent partial loss of ability to earn. We set out the testimony of witnesses to the contrary. We again remanded the case to the trial court indicating that additional evidence could be taken if necessary to determine an accurate award. There is now before us the third judgment.
The record discloses that the trial judge, again without notice to counsel for claimant, and without considering any evidence other than was before him on the first two occasions, contacted counsel for the employer. He directed him to compose a judgment including findings of fact and conclusion of law, which would withstand attack on appeal. The award for permanent partial loss of ability to earn, however, was to remain five percent. Counsel testified that he drew a final draft of judgment after consultation and some alteration by the judge, which judgment was duly signed and filed by the judge. Counsel for claimant was not informed of any of these acts but was under the belief that the case was assigned to another judge.
Upon learning of the entry of judgment, counsel for claimant filed a motion to set aside and that the judge recuse himself. The motion was denied in all respects, thus this appeal.
Several issues have been presented on appeal. Claimant submits that any one of them requires reversal. However, to this court, the complaint that the trial court for the second time, failed to comply with the mandate of this court is more than sufficient for reversal. We will respond to the issues of denial of procedural due process and failure of the judge to recuse himself only by observing that this court views the acts of the trial judge in this matter as most unusual and contrary to the spirit, if not the letter, of our rules of trial procedure. Whether such acts are sufficient for reversal is pretermitted in this case because of our reversal and remandment with direction for another reason.
The effort of the trial judge to draft the third judgment to withstand reversal is for naught. Because the trial court failed to make a proper finding of fact in its first and second judgment, this court went to the record and made its own examination of the evidence. We found that evidence *1155 insufficient to support the award of five percent disability to earn. It is far too late for the judge to now attempt to bootstrap the same award by attempting to make a finding of fact to support it. The trial court has found from the beginning the existence of a disability. This court has merely stated the evidence to be insufficient to support the award for the extent of such disability. We suggested in our second decision that support might be found in additional evidence. No such evidence was allowed. The issue of fact has been concluded by our finding from the evidence.
The purpose and intent of this court is to now end this controversy. It is the judgment of the court that the judgment of the trial court awarding a permanent partial disability to earn of five percent must be and is set aside. We find that the extent of claimant’s disability is shown by the evidence to be not less than thirty-five percent of his ability to earn. The case is remanded and the trial judge is directed to enter judgment awarding to claimant a permanent partial disability of thirty-five percent (35%) with compensation of $71.59 per week for a period of 287 weeks. The court is further directed to calculate the accrued amount due under the award, attorney fees and costs and enter judgment accordingly as required by law. Failing to forthwith enter judgment as herein directed, the trial judge will appear before this court within thirty (30) days and show cause why he has not done so.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.