We granted the petition for writ of certiorari in this workmen's compensation case to review an issue of first impression in this Court: whether the trial court, when exercising its discretion to order payment of a lump sum attorney fee, must first reduce the periodic monthly payments to the injured workman to present value. We hold that the Court of Civil Appeals erred in affirming the trial court's judgment awarding a lump sum attorney's fee in a total permanent disability case without reducing the award to its present value.
The employee, Royce A. Parnell, was injured on November 16, 1984. From the date of his accident until February 22, 1985, he received temporary total benefits totaling $2716.00. Also, Parnell received permanent total benefits from February 22, 1985, through the date of the trial, 88 weeks, totaling $17,072.00. Thus, prior to trial, Parnell had received workmen's compensation benefits totaling $19,788.00.
On the date of the trial, the parties entered into a stipulation of facts. The trial court found Parnell to be permanently totally disabled and awarded him future benefits to be paid at the rate of $194.00 per week for the rest of his life. Additionally, the trial court found that Parnell had a life expectancy of 40.46 years.
After the trial court announced its findings, but before the entry of final judgment, Parnell's lawyer filed a motion for a lump sum award of his attorney fee. The employer did not agree, pursuant to Ala. Code 1975, § 25-5-83, to discharge its obligation to pay lifetime benefits by making a lump sum payment, computed on the basis of the employee's life expectancy and commuted to present value. The trial court, acting within its discretionary prerogative, pursuant to § 25-5-90, granted the petition of the employee's lawyer for a lump sum attorney fee of $62,957.60. The Court of Civil Appeals, 535 So.2d 159, affirmed the judgment, and we granted certiorari to review the limited issue with respect to the uncommuted value of the attorney fee. We reverse the judgment of the Court of Civil Appeals to the extent that it did not reduce the lump sum award of the attorney fee to its present value.
Apparently, the trial court and the Court of Civil Appeals were of the opinion that the workmen's compensation act does not authorize the reduction of a lump sum attorney fee to its present value. See Second Injury Trust Fund v.Stanton, 512 So.2d 1377 (Ala.Civ.App. 1987), and the cases cited therein. We hold to the contrary, for the reasons stated below.
If the parties agree, with approval of the court, to a lump sum payment of unaccrued benefits, the amount of compensation payable periodically may be commuted to a lump sum payment, using an annual discount rate of 6%, § 25-5-83. The trial court's discretion to order a lump sum payment of the attorney fee is but an exception to the employer's otherwise exclusive right to elect whether to pay the award in a lump sum. Thus, when the employer elects not to pay the full award of compensation in a lump sum, and the trial court orders a *Page 162 
lump sum payment of the attorney fee (which represents up to 15% of the award), the provisions of § 25-5-83 providing for computation of present value are fully applicable to this part of the award.
In the instant case, the trial court found that the employee had a life expectancy of 40.46 years, or 2111.145 weeks,[1] and that the employee was entitled to weekly benefits in the amount of $194.00. Using the statutory annual discount rate of 6%, the present value of this payment stream is $153,801.50.
Section 25-5-90 allows the trial judge to "fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed 15 percent of the compensation awarded or paid." (Emphasis added.) In the present case, the "compensation awarded" is either a present payment of $153,801.50 (if both the employer and the employee agree, with approval of the court), or an annuity of $194.00 per week for the rest of the employee's life. The compensation awarded is not $408,160.48; nor is the award $194.00 per week multiplied by the employee's life expectancy of 2111.145 weeks. ("Life expectancy" is used as a means of fixing a definite period of payment for computing the lump sum fee.)
The trial court decided to award a lump sum attorney fee; this award is statutorily limited to 15 percent of $153,801.50, which is the aggregate award reduced to its present value, resulting in a maximum attorney fee award of $23,070.22. By virtue of § 25-5-90, the employee is entirely responsible for the payment of the attorney fee; thus, the present value of the fee — $23,070.22 — is deducted from the present value of the aggregate of the payments — $153,801.50 — leaving the employee's "life expectancy" award with a present value of $130,731.28.
Because it is clear from the stipulation of the parties that the employee was receiving the maximum benefits prior to the initiation of the suit, we hold that the employee's lawyer is not entitled to any fee for the benefits received by the employee before the date of trial. If the attorney had earned a fee on the benefits paid, however, this fee would have to be borne by the employee and deducted from the amount of the compensation awarded. For example, if we assume that the lawyer in the present case had earned a fee on the benefits already paid, and that his fee was $2968.20 (15 percent of $19,788.00), this $2968.20 would then have to be deducted from $130,731.28, further reducing the present value of the employee's award to $127,763.08.
Once the present value of the compensation awarded has been reduced by the amount of the attorney fee, this reduced amount is then used to calculate, at the 6 percent annual discount rate, the amount of weekly benefits the employee is entitled to during the period of his life expectancy. In the instant case, using the $130,731.28 present value, and extending it over 2111.145 weeks at the 6 percent annual discount rate, the employee is entitled to weekly benefits in the amount of $164.90 for the term of his life expectancy.[2]
For the sake of clarity, we note that the employer's obligation, subject to certain conditions (e.g., the improved health of the employee), is not limited to the employee's life expectancy, but runs for his lifetime. "Life expectancy" is factored into the "permanent total" formula to give the lump sum calculation a definite time period for which payments are due. But the use of "life expectancy" in the computation of a lump sum payment of the attorney fee does *Page 163 
not restrict the period of the employee's entitlement to benefits if he should live beyond his life expectancy. If Parnell lives beyond his life expectancy, and otherwise remains entitled to permanent total benefits, then his weekly benefits will increase to the full award of $194.00 per week (the uncommuted value of the attorney fee having been fully repaid).
The respondent insists that in workmen's compensation cases, the claimant is to receive the benefit of the doubt because the workmen's statute is to be construed most favorably to the claimant. While policy reasons support the contention that the claimant should receive the benefit of the doubt in the resolution of the factual issues, once the factual issues have been resolved the application of the law must not favor one party over the other. Once the employee's benefits have been determined, the law clearly defines the boundaries within which the trial court has freedom to award the attorney fee.
Further, the respondent contends that the employer has no standing to challenge the award of the attorney fee, since this award is borne entirely by the employee. The respondent relies upon the line of cases that holds that the lump sum payment of the attorney fee is to taken off the back end of the payments to the employee. Since this is a lifetime award, it is impossible to determine when the back end of the employee's award will materialize. It can not be seriously suggested that the employee is entitled to the full weekly award until the remaining benefits over the period of his life expectancy equal the attorney fee awarded, and that for the remainder of the period of his life expectancy the employee will receive no benefits, but if he lives beyond his life expectancy, then full weekly benefits will resume, if the employee remains otherwise entitled to the benefits. Also, the structure of the award by the trial court does not properly provide for the employer to recover the lump sum payment of the attorney fee. Under the present structure, the employer is required to pay an amount that has a present value in excess of the present value of the employee's award. Therefore, the employer is being required to bear a portion of the attorney fee in contravention of the law.
To the extent the following cases hold that it is not an abuse of discretion to award a lump sum attorney fee without reducing the payments to their present value, and that the employer does not have standing to appeal such an award, they are hereby expressly overruled. Ashland Chemical Co. v.Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983);Goodyear Tire Rubber Co. v. Mitchell,459 So.2d 901 (Ala.Civ.App. 1984); Lawler Mobile Homes, Inc. v.Hinkle, 459 So.2d 903 (Ala.Civ.App. 1984);Hardin's Bakery, Inc. v. Higgins, 480 So.2d 1252
(Ala.Civ.App. 1985); Southern Pre-stressed Concrete,Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App. 1986); andSecond Injury Trust Fund v. Stanton, 512 So.2d 1377
(Ala.Civ.App. 1987).
Therefore, we affirm that portion of the judgment of the Court of Civil Appeals which holds that the trial court was authorized to award a lump sum attorney fee, and we reverse the judgment of the Court of Civil Appeals as it relates to the uncommuted lump sum payment of the attorney fee, and remand the cause to that court for an order reversing the judgment of the trial court and remanding the cause with instructions to the trial court to enter a judgment consistent with this opinion.[3]
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. *Page 164 
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] There are 52 weeks and one day in each regular year, and 52 weeks and two days in each leap year. Therefore, in each four-year period there are 1461 days, or 208.7143 weeks. There are 10.115 four-year periods in 40.46 years; therefore, the total number of weeks in the life expectancy period is 2111.145.
[2] If the lawyer had earned a fee on the benefits previously paid, the $127,763.08 present value would have been extended over 2111.145 weeks at the 6 percent annual discount rate, resulting in the employee's receiving weekly benefits in the amount of $161.16 for the period of his life expectancy.
[3] The time periods utilized in this opinion were used as if the attorney fee was paid on the date the trial court entered its final judgment. Of course, the periods have changed during the pendency of this appeal. On remand, it is incumbent upon the trial court, with the aid of counsel, to determine the appropriate time period for calculating the present value, i.e., 2111.145 weeks less the number of weeks this case was on appeal. For the number of weeks this case was on appeal, the lawyer is entitled to a full 15 percent of the weekly benefits that were or should have been paid, without any reduction, because these payments have already accrued and are not due in the "future."