INGRAM, Judge.
The defendant, Second Injury Trust Fund, appeals from an adverse decision by the trial court in favor of the plaintiff, Daniel McCleave. McCleave filed a petition for writ of mandamus against the Fund to collect interest on a lump sum attorney’s fee previously awarded him in a workmen’s compensation case. The trial court held that interest on an attorney’s fee may be assessed against the Fund under § 8-8-10, Code 1975 (1984 Repl.Vol.), which provides for the payment of interest on money judgments.
Before we can determine whether an attorney’s fee accrues interest, we must first *58 determine whether a workmen’s compensation judgment accrues interest, since the attorney’s fee awarded in this case was derivative of benefits granted under the workmen’s compensation act. Therefore, the primary issue on appeal is whether § 8-8-10 authorizes the payment of interest on a workmen’s compensation judgment.
The record indicates that the trial court, after finding the claimant, Duncan Stanton, permanently and totally disabled, directed the Fund to pay compensation benefits to the claimant and a lump sum attorney’s fee to the claimant’s attorney, McCleave. The Fund appealed the lump sum attorney’s fee award, and we affirmed the trial court’s decision in Second Injury Trust Fund v. Stanton, 512 So.2d 1377 (Ala.Civ.App.1987). The Fund paid the fee in accordance with the trial court’s order. The order awarding the fee did not include interest. Nevertheless, McCleave demanded that interest on his attorney’s fee award be assessed against the Fund from the date of the original decree. After the Fund refused to comply with his demand, McCleave filed a petition for writ of mandamus to collect the interest due on his fee award under § 8-8-10, Ala.Code 1975. The trial court ruled that the Fund was not exempt from paying interest on a judgment under § 8-8-10.
The Fund contends that § 8-8-10 is not applicable to the case at bar. We agree. A claimant’s rights and remedies in a compensation proceeding are governed exclusively by the workmen’s compensation act. Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala.Civ.App.1981). Our statute, § 25-5-1, et seq., Ala.Code 1975, contains no provision for the payment of interest. The Alabama Supreme Court has established that the trial court lacks authority to assess interest on compensation benefits because the act and Alabama case law under the act fail to provide for the payment of interest in such situations. Nason v. Jones, 278 Ala. 532, 179 So.2d 281 (1965); Baggett Transportation Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21 (1953).
We, therefore, find that a workmen’s compensation judgment is outside the purview of § 8-8-10 and that the trial court in the present case lacked authority to grant interest on an attorney’s fee awarded on a workmen’s compensation judgment.
We would note that, in view of the above, the other issues raised by the Fund are pretermitted.
This case is due to be reversed and remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.