The issue in this case is whether Ala. Code 1975, § 8-8-10, authorizes the payment of interest on a workmen's compensation judgment.
Duncan Stanton received an award for workmen's compensation benefits and a lump sum attorney fee was awarded to his lawyer, Daniel McCleave. The Second Injury Trust Fund (hereinafter "the Fund") appealed the award of the attorney fee, and the Court of Civil Appeals affirmed that award. Second Injury Trust Fund v.Stanton, 512 So.2d 1377 (Ala.Civ.App. 1987), overruled on other grounds by Ex parte St. Regis Corp., 535 So.2d 160
(Ala. 1988). The Fund then paid the attorney fee. McCleave demanded that the Fund pay interest on the attorney fee award, but the Fund refused to pay interest. McCleave petitioned for a writ of mandamus ordering the Fund to pay interest under §8-8-10, which authorizes interest on judgments for the payment of money. The trial court held that interest on an attorney fee may be assessed under § 8-8-10. The Court of Civil Appeals reversed the judgment of the trial court. 545 So.2d 57.
Since an attorney fee award in a workmen's compensation case is derivative of the benefits granted under the Workmen's Compensation Act, the primary issue is whether § 8-8-10
authorizes the payment of interest on a workmen's compensation judgment. The Court of Civil Appeals cited the cases of Nasonv. Jones, 278 Ala. 532, 179 So.2d 281 (1965), and BaggettTransportation Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21
(1953), for the proposition that a trial court has no authority to assess interest on compensation benefits because the act fails to provide for the payment of interest in such situations.
We are of the opinion that the Court of Civil Appeals has erred. It appears to have indirectly ruled that the Workmen's Compensation Act is entirely exclusive and that no other statute can ever apply to a workmen's compensation claim. While a claimant's rights and remedies are governed exclusively by the Act, Freeman v. Blue Mountain Industries, 395 So.2d 1049
(Ala.Civ.App. 1981), that does not mean that other statutes can never apply to a workmen's compensation claim. In GoodyearTire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957), this Court held that the statutes involving cross-appeals and the posting of a supersedeas bond apply to workmen's compensation cases. The cases cited by the Court of Civil Appeals deal with pre-judgment interest, and we agree that pre-judgment interest could not be awarded in a workmen's compensation case unless the Act expressly provided for it. Pre-judgment interest would be part of a claimant's "rights and remedies" governed exclusively by the Act.
However, post-judgment interest, which is what we are dealing with in this case, should apply to a workmen's compensation award. There is no dispute that this award is a "judgment for the payment of money," and § 8-8-10 provides: "Judgments for the payment of money . . . shall bear interest at a rate of 12 percent per annum. . . ." The interest in this case is on a judgment, not on a "right or remedy" the claimant had under the Act. To disallow interest on workmen's compensation judgments
would encourage providers of benefits to initiate long delays and frivolous appeals, because the provider might thereby have the benefit of the money for several years without having to pay any interest on it to the claimant once the provider finally did pay *Page 60 
the judgment. Section 8-8-10 should, and does, apply to workmen's compensation awards.
For the above reasons, the judgment of the Court of Civil Appeals is reversed, and this cause is remanded to that court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.