This is a workmen's compensation case.
Daniel Watts (employee) suffered a work-related injury on October 17, 1987, while in the employ of Fovil Manufacturing Company (employer). Prior to being injured, the employee had worked for the employer since 1968, during the last thirteen years of which he was employed as a mechanic. The employee has not returned to work since the date of his injury.
Following an ore tenus hearing, the circuit court concluded that the employee suffered a permanent and total disability and awarded him benefits of $237.04 per week for life, which began accruing February 4, 1988, the date that the circuit court determined as the point at which the employee reached maximum medical improvement.
Furthermore, the circuit court ordered an attorney's fee based on the amount of accrued benefits owed to the employee as well as a lump sum attorney's fee representing the fee on the present value of future benefits.
The employer appeals. We affirm in part, reverse in part, and remand for further proceedings.
The employer first asserts that the circuit court erred in concluding that the employee suffered a permanent total disability. We disagree.
Initially, we note that this court's review of a judgment in a workmen's compensation case is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. Lewis G. Reed Sons, Inc. v. Wimbley,533 So.2d 628 (Ala.Civ.App. 1988). If, however, a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236
(Ala. 1990).
Furthermore, this court has held that permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Bankhead Forest Industries, Inc.v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Total disability, however, "does not mean absolute helplessness or entire physical disability." Southern Prestressed Concrete,Inc. v. Thomas, 485 So.2d 772, 773 (Ala.Civ.App. 1986),overruled on other grounds, Ex parte St. Regis Corp.,535 So.2d 160 (Ala. 1988).
Finally, we note that it is incumbent upon the trial court to review the' entire evidence, as well as to look to its own observations, in determining the extent of disability. BlueBell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985).
We find that there is legal evidence to support the circuit court's finding of permanent total disability. In its detailed findings of fact, the circuit court revealed that, at the time of trial, the employee was fifty years of age and possessed no more than an eighth-grade education.
The circuit court also emphasized the fact that the employee has worked his entire adult life as a manual laborer and that he does not possess the vocational skills to be retrained for any other type of work. Moreover, at the time of his injury, the employee had been employed with the employer for approximately nineteen years.
The employee testified that as a result of his injury, he underwent corrective surgery. He testified that he is unable to stand for prolonged periods of time; that after approximately ten minutes of walking he suffers from muscle spasms in his back; that he is unable to remain seated for more than one and one-half hours before he has to rise and walk around; and that he has to lie down several times a day to relieve the pain.
An orthopedist attending to the employee assigned him a fifteen percent anatomical permanent impairment rating. His notations *Page 408 
in the employee's medical file, which were exhibited at trial, indicated that he did not think that the employee was capable of returning to his former position.
Additionally, vocational testing of the employee revealed that he has an intelligence quotient of seventy-nine, and testimony was adduced by a vocational expert that the employee suffered a seventy to eighty percent vocational loss as a result of his injury. That expert further testified that, based on the limited intelligence of the employee, his past work history, and the prejudice of employers toward hiring someone with the employee's complaints, the employee would experience great difficulty in obtaining gainful employment.
Although the employer insists that it has created a position whose tasks the employee is capable of performing, in answers to interrogatories it unequivocally stated that that position was not presently available and neither were any other positions that it felt the employee, in his injured capacity, could fill.
In view of the above, we find that a reasonable view of the evidence does support the circuit court's conclusion that the employee was permanently totally disabled. Ex parte Patterson,561 So.2d 236.
The employer next asserts that there was no evidence before the circuit court on which it could base its conclusion that the employee had a life expectancy of 31.07 years and, thus, that its calculation of benefits due the employee was incorrect. We agree.
 Section 35-16-3, Ala. Code 1975, provides: "The superintendent of insurance shall, within 10 days after final adjournment of each regular session of the legislature, cause to be delivered to the secretary of state the then current American experience and commissioners standard ordinary mortality tables, which the secretary of state shall cause to be printed in the bound volume of the acts of the legislature."
Furthermore, section 35-16-4(b), Ala. Code 1975, states:
 "The provisions of section 35-16-3 and subsection (a) of this section are cumulative and shall not prevent any court from taking judicial knowledge of mortality tables, as provided by law, nor effect the admissibility of such tables in evidence when offered in any other lawful and proper manner."
(Emphasis added.)
The mortality table applicable at the time of the circuit court's decision states that the life expectancy for a fifty-year old man, such as the employee, is 25.36 years. Therefore, because no other evidence was offered at trial regarding the employee's life expectancy, we find that it was error for the circuit court to take judicial notice of any mortality table other than that provided for in § 35-16-3.
Finally, the employer asserts that the circuit court erred in computing the amount of attorney's fees which were awarded and based on the present value of the future benefits owed to the employee.
In Ex parte St. Regis Corp., 535 So.2d 160 (Ala. 1988), the supreme court held that a trial court, when exercising its discretion to order payment of a lump sum attorney's fee in a permanent and total disability case, must reduce the periodic monthly payments to the injured workman to present value. Following the formula set out in that case, a trial court, prior to computing the attorney fee, must first reduce the aggregate of the future award to its present value. The trial court then calculates the attorney's fee to be awarded.
The amount of this fee is next deducted from the present value of the aggregate award with the resulting figure representing the employee's "life expectancy award." Finally, this reduced amount is used to calculate, at the six percent annual discount rate, the amount of weekly benefits that the employee is entitled to during the period of his life expectancy. Id.
We disagree with the employer's characterization of this scheme as somehow requiring the employer to pay a portion of the employee's attorney fees. It is precisely because §25-5-90, Ala. Code 1975, requires that the employee be entirely responsible *Page 409 
for the payment of his attorney's fees that the formula first deducts the present value of such fees from the present value of the aggregate of the payments to determine the amount of the employee's "life expectancy award."
However, because we have determined that the circuit court incorrectly determined the life expectancy of the employee in calculating the benefits due him, we also find its calculation of an attorney's fee to be incorrect.
In view of the above, this case is due to be affirmed in part and reversed in part, and remanded for a recalculation of the amount of benefits due the employee based on his life expectancy of 25.36 years. Furthermore, the circuit court must then determine the amount of attorney's fees based on the recalculated amount.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
INGRAM, P.J., and ROBERTSON, J., concur.