THIGPEN, Judge.
This workmen’s compensation case has been reviewed by this court previously. See, Jim Walter Resources, Inc. v. John Carl Hall, 516 So.2d 690 (Ala.Civ.App.1987). There, we reversed the trial court award, which was based on a finding of 80% permanent partial reduction in earning capacity, because there was no evidence in the record rebutting the presumption raised by the employee’s higher post-injury wages. In that opinion, we noted the fact that the employee’s post-injury earnings exceeded his pre-injury earnings; however, that fact alone does not necessarily preclude a finding of a reduction in earning capacity. Such evidence merely creates a presumption of earning capacity commensurate with earnings which may be rebutted by other evidence showing incapacity or explaining why evidence of higher earnings is an unreliable basis for determining capacity. See, Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957). The case was remanded to the trial court for further proceedings.
On remand, the trial court accepted no additional evidence before issuing its judgment. In the new judgment, the trial court lowered the reduced earning capacity from 80% to 65% without stating what evidence it relied upon for doing so. However, the order of the trial court referred to a memorandum opinion for a basis for its judgment. In that memorandum the trial court noted that it was taking judicial knowledge of two factors, which, in the trial court’s opinion, rebutted the legal presumption that post-injury earnings were a reliable measure of reduction in earning capacity. Jim Walter Resources, Inc., the employer, appeals.
Several issues have been presented on appeal. However, the fact that the trial court failed to comply with the mandate of this court is sufficient for reversal. See, Littleton v. Gold Kist, Inc., 500 So.2d 1153 (Ala.Civ.App.1986).
*675 The appellant contends that the facts of which the trial court took judicial knowledge are not facts that are widely known or easily ascertainable. Additionally, the appellant asserts that it would have disputed the facts if it had been given the opportunity to present evidence to rebut it.
It is well established that a court may take judicial notice of matters of common knowledge without suggestion of counsel and without proof thereof. Cullman Broadcasting Co. v. Bosley, 373 So.2d 830 (Ala.1979). However, a court may not take judicial notice of a fact which might be disputed by competent evidence. Cullman Broadcasting Co., supra.
Even if the judicially acknowledged facts were deemed to rebut the presumption, there is still no evidence in the record to support the trial court’s finding that the employee has suffered a 65% reduction in his earning capacity. As stated in our previous opinion, the employee’s treating physician assigned the employee a 55% disability rating, and a vocational specialist testified to a 42% vocational disability. While the trial court’s memorandum refers to testimony by another vocational expert who “testified to an 85% reduction in [Hall’s] earning capacity,” we note that this expert never testified, but rather the findings of the expert were simply contained in a letter written to the employee’s counsel after our 1987 reversal.
The trial court’s conclusion is not supported by the evidence and is due to be reversed again for further proceedings. See Littleton, supra.
The appellant also raises the issue of attorney fee. In view of the above decision, we pretermit a discussion of this issue. However, we remind the trial court that in ordering an attorney’s fee to the employee’s counsel in workmen’s compensation cases, a reduction to present value is required before determining the lumpsum attorney’s fee. See, Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988); and Goodyear Tire & Rubber Co. v. Foreman, 551 So.2d 409 (Ala.Civ.App.1989).
This case is again due to be reversed and remanded with instructions to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.