L. CHARLES WRIGHT, Retired Appellate Judge.
John Brooks sustained an injury while in the employ of Brown Pulpwood Company. The Circuit Court of Clay County entered an order finding that Brooks had previously suffered a compensable injury while employed by another employer. The court found that the combined effects of the two injuries rendered Brooks permanently and totally disabled.
Brooks, through his attorney, made application to the Second Injury Trust Fund (SITF). Pursuant to § 25-5-74, Code 1975, the SITF accepted Brooks’s claim for benefits. The SITF refused to pay Brooks’s attorney in a lump-sum attorney’s fee.
Brooks filed a complaint in the Circuit Court of Clay County seeking a lump-sum attorney’s fee payable from the SITF. Following a hearing, the court granted Brooks’s request. The SITF appeals.
Initially, the SITF asserts that the circuit court did not have the jurisdictional author *505 ity pursuant to § 25-5-74 to enter the order awarding the lump-sum attorney’s fee.
Section 25-5-74 makes no provision for the payment of attorneys’ fees. That section, however, is not entirely exclusive. See Ex parte Stanton, 545 So.2d 58 (Ala.1989). This court has previously determined that the award of lump-sum attorneys’ fees from the fund are allowed pursuant to § 25-5-90, the general section relating to the award of lump-sum attorneys’ fees in workmen’s compensation cases. Second Injury Trust Fund v. Stanton, 512 So.2d 1377 (Ala.Civ.App.1987), overruled on other grounds, Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988). Section 25-5-90 permits circuit courts to make discretionary lump-sum attorney fee awards in all workmen’s compensation cases. The circuit court had the jurisdictional authority and therefore did not abuse its discretion in making the lump-sum attorney’s fee award.
The SITF urges this court to reconsider its holding in Second Injury Trust Fund v. Stanton or in the alternative to find that case distinguishable from the facts of the present case. We decline to reconsider our previous decision. That case was denied certiorari by our supreme court without comment. We do not find Second Injury Trust Fund v. Stanton to be distinguishable from the facts of this case. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while sérving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.