I agree with the contention of the employer in this case that the trial court miscalculated the attorney fees. I therefore dissent with respect to that issue. I concur in the main opinion insofar as it relates to the other issues raised.
Section 25-5-90(a), Ala. Code 1975, states, in part, that attorney fees shall not exceed "15 percent of the compensation awarded or paid." An understanding of the meaning of the terms "awarded" and "paid" requires that those terms be read in parimateria with the other provisions of § 25-5-90(a). That subsection states, in part:
 "[T]he judge, upon the hearing of the complaint for compensation, either by law or by settlement, shall fix the fee of the attorney for the plaintiff for his or her legal services and the manner of its payment, but the fee shall not exceed 15 percent of the compensation awarded or paid."
(Emphasis added.) I read the terms "awarded" and "paid" as terms that correspond, respectively, to the references earlier in the same sentence to a hearing of the complaint for compensation either "by law" or "by settlement." See generally, e.g., IMEDCorp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992) (statutory terms are to be construed according to their plain meaning); Darks Dairy, Inc. v. Alabama Dairy Comm'n,367 So.2d 1378, 1380-81 (Ala. 1979) (phrases in the same statute are to be read in pari materia with one another, not in isolation);Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle,460 So.2d 1219, 1225 (Ala. 1984) (courts must look to entire statutory scheme in construing statute).
Under Alabama's Workers' Compensation Act, the employee in this case was not entitled to compensation benefits that would duplicate the $90.38 she received pursuant to the disability plan funded by the employer for his benefit. See § 25-5-57(c)(1), Ala. Code 1975. Thus, all the employee *Page 566 
ever could obtain in this case, "either by law or by settlement," was an award of the balance of the $278.92 weekly benefit owed by the employer under the Act, or $188.54. It is this latter amount, $188.54, that in this case is the "compensation awarded or paid" — or, more specifically in light of the fact that these moneys were obtained by way of a court judgment rendered in an action at "law," and not by way of a settlement, the $188.54 is the "compensation awarded." The language of § 25-5-90(a) therefore plainly requires that the attorney fee in this case not exceed 15 percent of this amount.
Unlike Judge Pittman, I see the principles upon which this court based its attorney-fee holding in Bynum v. City ofHuntsville, 779 So.2d 243 (Ala.Civ.App. 1999), as principles that fully undergird the employer's position in the present case. In Bynum, Judge Crawley, writing for the court, explained:
 "The worker's award of compensation had to be reduced by the amount of his third-party recovery under § 25-5-11(a), [Ala. Code 1975,] and the trial court awarded him only $2,973.92 in compensation after the credit. Accordingly, the attorney fee for the compensation action must also be limited because the fee in a workers' compensation action `shall not exceed 15% of the compensation awarded or paid.' Ala. Code 1975, § 25-5-90 (emphasis added). If the attorney fee is not also limited, the attorney would receive a double fee for the moneys he has secured for his client."
779 So.2d at 247. In like manner, in the present case "[t]he worker's award of compensation had to be reduced by the amount of his [$90.38 recovery from the employer-funded disability plan]," and, therefore, "the trial court awarded him only [$188.54 per week in benefits] after the credit. Accordingly, the attorney fee for the compensation action must also be limited because the fee in a workers' compensation action `shall not exceed 15% of the compensation awarded or paid.' Ala. Code 1975, § 25-5-90
(emphasis added)." 779 So.2d at 247.
The holding of this court in Bynum squares with the purpose of § 25-5-90, which is apparent on the face of that statute, namely, to compensate the employee's attorney "for his or her legal services" in recovering benefits under the Act that would not have been received by the employee if not for the workers' compensation action. Under the statute, such fees are to be based upon the compensation benefits the attorney secures for his client, just as contingency fees are generally.
Although the purpose of the statute is to provide fair compensation to an attorney for the moneys he has secured for his client, the approach adopted in the main opinion could result in an attorney fee several times more than the "double fee" about which this court was concerned in Bynum. 779 So.2d at 247. Take, for example, a case in which an employer has funded a disability plan that, before the employee even hires an attorney, pays the employee an amount that is equal to 90 percent of the compensation benefits due the employee under the Workers' Compensation Act. Applying the approach adopted in the main opinion, an attorney hired by the employee to pursue a compensation action for the balance owed by the employer (after the credit allowed by § 25-5-57(c)(1)) could seek a fee of 15 percent of the entire recovery, i.e., the combined recovery from both the disability plan and the compensation action. This would be a fee 10 times the amount of a fee based on 15 percent of the amount actually recovered for the employee by the attorney.
Further, there would be only two possible sources for the funds needed to pay *Page 567 
such a fee: If the entire 15 percent fee were to be taken from funds that would otherwise be paid to the employee, there would be a disincentive for the employee to sue a recalcitrant employer for the final 10 percent of his compensation benefits. A successful action could lead to an attorney fee that would not only absorb all of the moneys recovered thereby, but would also eat into the amount already recovered by the employee before he ever hired an attorney. The other alternative would be to provide for a payment by the employer of more than 100 percent of its compensation liability in order to fund all or part of the attorney-fee award. From my reading of the Workers' Compensation Act, I do not find that the Legislature has provided for, or intended, either result.[1]
This case is no different in principle than one in which an employer voluntarily pays all or most of the compensation benefits due its injured employee. Before the lawsuit was commenced in Ex parte Shaw, 210 Ala. 185, 97 So. 694 (1923), the employer had already paid all but $13 of the compensation due; the employer paid the remaining $13 when it filed its answer. The employee argued on appeal to the Supreme Court that the trial court erred in failing to award an attorney fee.210 Ala. at 187, 97 So. at 695. The Supreme Court rejected this argument, explaining that an attorney fee "must come out of the compensation awarded" and that the proceeding at issue was not commenced until the plaintiff had already accepted from the defendant $637 of the total of $650 in compensation benefits due to the employee. Id. As the Supreme Court reasoned, because the proceeding "produced nothing" (although the court did enter a judgment for the plaintiff for $13), the trial court's failure to award an attorney's fee was not error. 210 Ala. at 188,97 So. at 695.
Moreover, in Ex parte St. Regis Corp., 535 So.2d 160 (Ala. 1988), our Supreme Court addressed a situation in which the employer voluntarily paid the employee the maximum benefit available under the Workmen's Compensation Act, before the initiation of the employee's lawsuit. The Supreme Court held "that the employee's lawyer is not entitled to any fee for the benefits received by the employee before the date of trial."535 So.2d at 162. Thus, as one commentator has noted: "A claimant's attorney, no matter how industrious, who does not produce any compensation for the client may not receive a fee." 2 Terry A. Moore, Alabama Workers' Compensation § 29:6 (1998). Likewise, I cannot conclude that the Legislature intended that an attorney may receive up to 15 percent of moneys not produced for an injured employee by the attorney.
This court and our Supreme Court have repeatedly held that the Workers' Compensation Act is to be construed so as to further the beneficent purposes thereof. *Page 568 See, e.g., Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala. 1985). That purpose is to benefit the injured employee, not herattorney. The Legislature has tailored the compensation benefits available under the Act to accord its view of the support needed by a claimant during disability. There is little if anything to indicate that the Legislature included in the benefits available under the Act much in the way of padding to take care of legal and other expenses incurred in obtaining awards under the Act. To award to an attorney a percentage of moneys he played no role in obtaining for an employee would be at odds with the beneficent purpose of the Act.
[1] In a case such as that postulated, it might be argued that this court could hold that a fee award of 15 percent of the entire recovery received by the employee was an abuse of discretion. I do not think the language of § 25-5-90 contemplates a dependence upon an abuse-of-discretion "safety net," however.
I also note that the approach adopted in the main opinion would be applicable to a case involving not a disability plan payment under § 25-5-57(c)(1), but simply an employer who pays most — e.g., 90 percent — of its injured employee's compensation benefits, but fails or refuses to pay the balance. The employer would be insulated from liability to the extent that the employee is discouraged by the prospect of a disproportionately high fee award from bringing a workers' compensation action to enforce his rights for the balance due. See discussion in text, infra. Seegenerally Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188
(Ala.Civ.App. 2001) (rejecting application of workers' compensation penalty statute to underpaid benefits).